LAUGHINGHOUSE v. STATE EX REL. PORTS RAILWAY COMM.

[101 N.C. App. 375 (1991)]

RICHARD M. LAUGHINGHOUSE, APPELLANT v. STATE OF NORTH CAROLINA, EX REL. NORTH CAROLINA PORTS RAILWAY COMMISSION, APPELLEE

No. 9010IC445

(Filed 15 January 1991)

1. **State § 7.1 (NCI3d) — tort claim — failure to name proper State employees and agency**

     A claim under the Tort Claims Act was properly dismissed on the ground that plaintiff failed properly to identify the negligent State employees and agency in the affidavit initiating the action in the Industrial Commission where plaintiff alleged negligence by employees of the Ports Authority Railway Commission but the Industrial Commission found that the negligent employees were employees of the State Ports Authority.

     **Am Jur 2d, Municipal, County, School, and State Tort Liability § 662.**

2. **Master and Servant § 36 (NCI3d) — injury to state port railway worker — jurisdiction under F.E.L.A.**

     The Industrial Commission did not have subject matter jurisdiction under the Tort Claims Act of a claim instituted by an injured railroad worker employed by the State Ports Authority since the Federal Employers' Liability Act preempts State laws covering injuries to railway employees engaged in interstate commerce; State port railroad operations are interstate in nature; and plaintiff was involved in interstate commerce at the time of his injury in that he was engaged in transporting lumber from the Soviet Union.

     **Am Jur 2d, Federal Employers' Liability and Compensation Acts § 4.**

APPEAL by plaintiff from a judgment entered 18 July 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 December 1990.

This action for personal injuries arose out of an on-the-job injury to a railroad worker employed by the State of North Carolina at the Ports Authority in Morehead City. The action was commenced by filing an Affidavit under the Tort Claims Act, N.C. Gen. Stat. § 143-291 (1990), with the Industrial Commission. The matter was heard by former Chairman Ernest C. Pearson, sitting

as hearing officer, on 8 August 1988. The Decision and Order by Chairman Pearson concluded that the Industrial Commission had jurisdiction, but that the employee and specific agency named in the Affidavit were not negligent. *See* N.C. Gen. Stat. § 143-297 (1990). Appeal was taken to the Full Commission.

A Decision and Order from the Full Commission was filed 4 January 1990, affirming the dismissal based on plaintiff's failure to allege the state agency and the employee who was responsible for the alleged negligence, but the Commission noted "grave misgivings about this interpretation of the law . . . ." Plaintiff appealed.

*DeBank, McDaniel, Holbrook & Anderson, by William E. Anderson, for plaintiff appellant.*

*Johnson & Lambeth, by Robert White Johnson and Maynard M. Brown, for defendant appellee.*

ARNOLD, Judge.

Plaintiff brings forth two assignments of error, and defendant, one. First we examine defendant's claim that the Industrial Commission erred by failing to dismiss plaintiff's claim for lack of subject matter jurisdiction.

Plaintiff was injured on 31 January 1985, while throwing a "pit switch," a device set in the ground that when operated switches railway traffic from one track to another. This particular switch had been improperly maintained and had become defective. Maintenance personnel had been notified that the switch needed repairing, but no action had been taken.

Throwing a pit switch involves a manual maneuver using one's arms and body weight. When plaintiff attempted to throw the switch on this particular occasion, the switch stuck. Plaintiff exerted himself in an effort to throw the switch and severely injured his knee. As a result of the injury, plaintiff is partially, permanently disabled and can no longer perform the duties necessary to work as a railway employee. Plaintiff was forty-seven years old at the time of his injury.

[1] The Industrial Commission concluded the State was guilty of negligence in failing to maintain the switch, but refused to enter judgment on the technical grounds that the plaintiff failed to identify in the Affidavit the negligent State employee and agency.

LAUGHINGHOUSE v. STATE ex rel. PORTS RAILWAY COMM.

[101 N.C. App. 375 (1991)]

*See* G.S. § 143-297; *Floyd v. N.C. State Highway and Pub. Works Commission,* 241 N.C. 461, 85 S.E.2d 703 (1955); *Woolard v. N.C. Dept. of Transp.,* 93 N.C. App. 214, 377 S.E.2d 267, *cert. denied,* 325 N.C. 230, 381 S.E.2d 792 (1989). The Industrial Commission concluded that the negligent employees were employees of the State Ports Authority, rather than the Ports Authority Railway Commission. The claim was dismissed because the Affidavit named the latter instead of the former.

We agree with the Industrial Commission that an often unfair and harsh rule has evolved in our case law whereby a plaintiff's pleadings may be fatal to his claim if he fails to properly identify the negligent State employee and agency in the Affidavit used to initiate an action with the Industrial Commission. We have previously voiced our criticism of this rule. *See Northwestern Distributors, Inc. v. N.C. Dept. of Transp.,* 41 N.C. App. 548, 550, 255 S.E.2d 203, 205, *cert. denied,* 298 N.C. 567, 261 S.E.2d 123 (1979). Nevertheless, like the Commission, we are not the proper body to initiate such a change; it is for our General Assembly or Supreme Court.

[2] Furthermore, this case is not the appropriate vehicle to institute this change. In our view, the Industrial Commission erred in failing to dismiss plaintiff's claim because it lacked subject matter jurisdiction. Early in this century, Congress enacted the Federal Employers' Liability Act (FELA) to provide a national law covering injuries sustained by railway employees that were the result of the negligence of their employers. *See* 45 U.S.C.A. § 51 (1986). It is clear that the FELA was created to provide a national law that would preempt varying state laws covering injuries to railway employees engaged in interstate commerce. *New York Cent. Ry. Co. v. Winfield,* 244 U.S. 147, 61 L.Ed. 1045 (1917). "In rulings dating from the enactment of the federal statute, it has invariably been stated that the FELA superseded state law insofar as the two cover the same field." Annotation, 97 L.Ed. 403, 404. Our state Supreme Court has recognized that where the FELA and state law overlap, the state law remedies are preempted, "because the Federal statute is exclusive and supersedes the right of action under the State law." *Renn v. Seaboard Air Line Ry. Co.,* 170 N.C. 176, 183, 86 S.E. 964, 967 (1915), *aff'd,* 241 U.S. 290, 60 L.Ed. 1006 (1916).

LAUGHINGHOUSE v. STATE ex rel. PORTS RAILWAY COMM.

[101 N.C. App. 375 (1991)]

The FELA applies when an injury occurs to "[a]ny employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth . . . . " 45 U.S.C.A. § 51. Several cases have found that state port railroad operations, such as the one involved in this case, are interstate in nature. The U.S. Supreme Court has held that the state authority operating railroads at the Alabama state docks was an interstate carrier. *Parden v. Terminal Ry. of the Alabama State Docks Dept.*, 377 U.S. 184, 12 L.Ed.2d 233 (1964), *rev'd on other grounds, Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 97 L.Ed.2d 389 (1987). The Fourth Circuit Court of Appeals has found the railway operations of our State ports were "a link in interstate and foreign carriage of shipments controlled by ship and railway companies." *International Longshoremen's Ass'n., AFL-CIO v. N.C. Ports Auth.*, 463 F.2d 1, 4 (4th Cir.), *cert. denied*, 409 U.S. 982, 34 L.Ed.2d 245 (1972).

Furthermore, the evidence before the Commission supports a finding that plaintiff was involved in interstate commerce when he was injured on 31 January 1985. The testimony indicates that at the time of the injury plaintiff was engaged in transporting lumber from the Soviet Union. Based on this case law and evidence, we hold that the Industrial Commission erred in failing to dismiss this action for lack of subject matter jurisdiction.

This result makes it unnecessary for us to examine plaintiff's assignments of error. For the foregoing reasons, the judgment dismissing plaintiff's claim is

Affirmed.

Judges PARKER and ORR concur.