The Full Commission has reviewed the prior Decision and Order by Deputy Commissioner Pamela Young. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The hearing in this matter began on 6 January 1998 at Central Prison in Raleigh, North Carolina. The Deputy Commissioner commenced the hearing at which time the defendant moved to dismiss the matter due to the plaintiff's failure to state in his Affidavit a named alleged negligent State employee. The plaintiff's affidavit stated that the alleged negligent employee was "Hoke Correctional Center." The Deputy Commissioner denied the defendant's motion and the hearing began.
The Deputy Commissioner heard the plaintiff's case-in-chief during which the plaintiff only presented his testimony. At the conclusion of the plaintiff's case-in-chief, the Deputy Commissioner inquired as to whether the plaintiff had amended his affidavit or wished to do so at trial. The plaintiff testified,inter alia, that he had not amended his affidavit and that he did not know who should be named as the negligent employee because he knows no one at Hoke Correctional Center.
At the conclusion of the plaintiff's testimony, the defendant renewed its Motion to Dismiss on the following grounds: 1) the plaintiff did not allege or prove a specific State employee was negligent as required by N.C. GEN. STAT. § 143-297(2) and the holdings in Woolard v. North Carolina Department ofTransportation, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230, 381 S.E.2d 792(1989) and Laughinghouse v. State exrel. Ports Railway Commission, 101 N.C. App. 375,399 S.E.2d 587(1991); 2) the plaintiff was contributorily negligent per his prior testimony that he walked through water which he knew was present on the floor. The Deputy Commissioner suspended the hearing to allow the defendant to submit relevant case law to support its Motion. The defendant submitted a memorandum and relevant case law on 8 January 1998. The plaintiff failed to submit a response to the defendant's Memorandum in support of its Motion to Dismiss in a timely manner.
 ***********
The Full Commission having reviewed the defendant's memorandum and the case law submitted by defendant concludes that the plaintiff's claim shall be DISMISSED WITHOUT PREJUDICE.
IT IS THEREFORE ORDERED, pursuant to N.C. GEN. STAT. § 143-297(2) and Woolard v. N.C. Department of Transportation,93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792(1989), and Laughinghouse v. State ex rel. PortsRailway Commission, 101 N.C. App. 375, 399 S.E.2d 587(1991), that the plaintiff's claim is DISMISSED WITHOUT PREJUDICE.
Each party shall bear its own costs.
This the ___ day of August 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER