**CHERNEY v. N.C. ZOOLOGICAL PARK**

[166 N.C. App. 684 (2004)]

TINYA CHERNEY, Plaintiff v. NORTH CAROLINA ZOOLOGICAL PARK, Defendant

No. COA03-1615

(Filed 2 November 2004)

### 1. Tort Claims Act— tree falling on state property—standard applied—reasonable care

The Industrial Commission utilized the proper legal standard in its review of a deputy commissioner's award in a Tort Claims case that began when a tree fell on a patron of the State Zoo. Although the case cited by the Commission for its standard as to the duty owed members of the public by landowners predated *Nelson v. Freeland*, 349 N.C. 615, it is consistent with the *Nelson* standard (reasonable care).

### 2. Tort Claims Act; Premises Liability— care of tree at zoo— findings supported by evidence

The findings of the Industrial Commission in a Tort Claims case were supported by the evidence, and the findings supported its conclusion that plaintiff had not proven negligence, where plaintiff was injured by a falling tree at the state Zoo, the tree had been monitored for over 10 years and appeared healthy, the care provided the tree exceeded industry standards, and the tree was supported by double the recommended number of cables.

Judge TIMMONS-GOODSON dissenting

Appeal by plaintiff from opinion and award entered 28 July 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 September 2004.

*Knott, Clark, Berger & Whitehurst, L.L.P., by Joe Thomas Knott, III, Michael W. Clark, and Bruce W. Berger, for plaintiff appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General William H. Borden, for defendant appellee.*

McCULLOUGH, Judge.

Tinya Cherney ("plaintiff") appeals the opinion and award entered 28 July 2003 by the North Carolina Industrial Commission.

**CHERNEY v. N.C. ZOOLOGICAL PARK**

[166 N.C. App. 684 (2004)]

The facts and procedural history pertinent to the instant appeal are as follows: On 18 July 1998, plaintiff visited the North Carolina Zoological Park ("the Zoo") in Asheboro as a business invitee. While plaintiff was inside the Zoo's African Pavilion, a thirty-four-foot-tall *ficus benjamina* tree ("ficus tree") broke from its support cables and fell onto a nearby thirty-eight-foot-tall Traveler's tree, a portion of which broke off and struck plaintiff. Plaintiff sustained multiple injuries, including a fractured right femur, fractured vertebrae, and fractured ribs. She subsequently underwent surgery and incurred medical expenses exceeding $80,000.00.

On 7 September 1999, plaintiff filed a claim for damages against the Zoo pursuant to the Tort Claims Act, N.C. Gen. Stat. § 143-291, *et seq.* In the affidavit in support of her claim ("the affidavit"), plaintiff alleged her injuries and damages resulted from the negligence of Zoo employees Ron Ferguson ("Ferguson") and Virginia Wall ("Wall"). Ferguson served as Chief Gardener for the Zoo and Wall was the Curator of Horticulture for the Zoo. Plaintiff's affidavit contained the following allegations:

> That the injury or property damage occurred in the following manner: Mrs. Cherney was in the enclosed African Pavilion near the center when a large ficus tree fell hitting a palm tree. Both trees then fell on her pinning her to the floor of the walkway in the African Pavilion. The impact caused vertigo, broke her right femur, cracked three ribs, caused compression fractures to three vertebra[e] and wrenched her knee. The injury occurred because the ficus tree which was indoors had been permitted to grow too large for its roots or alternatively had not been properly maintained to prevent it from becoming unsafe. The ficus tree was under the exclusive control of the Zoo personnel and not subject to wind or any natural force.

On 21 December 1999, defendant filed an answer denying the allegations of the affidavit. Defendant asserted that plaintiff failed to properly "allege a negligent act or omission on the part of the alleged employees of defendant" and failed to properly "state a claim over which there is jurisdiction over the person and subject matter and . . . upon which relief may be granted."

On 13 August 2001, Deputy Commissioner Richard Ford ("Deputy Commissioner Ford") heard arguments and received evidence from both parties. In an order filed 30 October 2001, Deputy Commissioner

Ford ordered that defendant pay plaintiff $500,000.00 in compensatory damages.

Defendant appealed Deputy Commissioner Ford's opinion and award, and on 29 April 2002, the matter came before the Full Commission for review. In an opinion and award filed 28 July 2003, a majority of the Full Commission reversed Deputy Commissioner Ford's prior opinion and award. The majority made the following pertinent findings of fact:

3. There was no evidence that the first of the two named employees, Ron Ferguson had any involvement with the tree that fell on plaintiff.

. . . .

18. The greater weight of the evidence indicates that Ms. Wall neither knew or should have known that the *ficus* tree was likely to fall. There is no showing that Ms. Wall violated any applicable standard of care in her management of the horticulture department and supervision of the horticulture staff.

Based upon these findings of fact, the majority made the following pertinent conclusions of law:

2. Pursuant to N.C. Gen. Stat. § 143-291, plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment.

. . . .

4. The greater weight of the evidence shows that Ms. Wall's practices and management of her staff in the care of the *ficus benjamina* were reasonable and met or exceeded the standards for monitoring, record keeping, pruning, watering, fertilizing, cabling, syringing and soil mixture in her field. Plaintiff has failed to prove that either of the named employees of defendant, Ron Ferguson and Virginia Wall breached any applicable standard of care. Therefore, plaintiff has failed to prove negligence and is not entitled to recovery.

Commissioner Bernadine S. Ballance ("Commissioner Ballance") dissented from the Full Commission's decision and order. Plaintiff appeals.

**CHERNEY v. N.C. ZOOLOGICAL PARK**

[166 N.C. App. 684 (2004)]

The issues on appeal are: (I) whether the Full Commission applied the correct legal standards in its decision; and (II) whether the Full Commission's findings of fact support its conclusions of law.

[1] Under the Tort Claims Act, "jurisdiction is vested in the Industrial Commission to hear claims against the State of North Carolina for personal injuries sustained by any person as a result of the negligence of a State employee while acting within the scope of his employment." *Guthrie v. State Ports Authority*, 307 N.C. 522, 536, 299 S.E.2d 618, 626 (1983). On appeal from a decision by the Full Commission, this Court reviews the decision for errors of law "only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." N.C. Gen. Stat. § 143-293 (2003).

N.C. Gen. Stat. § 143-297(2) (2003) requires that a plaintiff filing suit against a state agency provide by affidavit "[t]he name of the department, institution or agency of the State against which the claim is asserted, and the name of the State employee upon whose alleged negligence the claim is based[.]" This Court has previously noted that "[t]he purpose of requiring a claimant to name the negligent employee of the State agency is to enable the agency to investigate the employee involved and not all employees." *Davis. v. N.C. Dept. of Human Resources*, 121 N.C. App. 105, 111, 465 S.E.2d 2, 6 (1995), *disc. review denied*, 343 N.C. 750, 473 S.E.2d 612 (1996).

Here, plaintiff alleged that Ferguson and Wall were negligent.both individually and in their supervision of staff maintaining the ficus tree which fell on plaintiff.

In the case *sub judice*, a review of the record shows that the Commission examined Ms. Wall's supervision of her department and all its personnel in the performance of their duties. During her deposition, Ms. Wall identified the staff members who performed the various tasks associated with this ficus tree. The plaintiff never moved to amend her complaint to identify any other employee as negligent even though the failure to do so may be fatal to her case. *Laughinghouse v. State ex rel. Ports Railway Comm.*, 101 N.C. App. 375, 376-77, 399 S.E.2d 587, 589, *disc. review denied*, 328 N.C. 732, 404 S.E.2d 871 (1991), *cert. denied*, 502 U.S. 1029, 116 L. Ed. 2d 772 (1992).

Here plaintiff had to establish that the State as a landowner breached its duty to exercise reasonable care in the maintenance

of its premises, the Zoo. *Nelson v. Freeland,* 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998), *reh'g denied,* 350 N.C. 108, 533 S.E.2d 467 (1999).

The duty of care depended upon the procedures for monitoring the ficus tree in question. There is no evidence that any of the staff members deviated from the guidelines Ms. Wall set to accomplish these goals.

The Commission made the following finding of fact:

18. The greater weight of the evidence indicates that Ms. Wall neither knew or should have known that the *ficus* tree was likely to fall. There is no showing that Ms. Wall violated any applicable standard of care in her *management* of the *horticulture department* and *supervision* of the *horticulture staff.*

(Emphasis added.)

It then made the following conclusion of law:

4. The greater weight of the evidence shows that *Ms. Wall's practices and management of her staff* in the care of the *ficus benjamina* were reasonable and met or exceeded the standards for monitoring, record keeping, pruning, watering, fertilizing, cabling, syringing and soil mixture in her field. Plaintiff has failed to prove that either of the named employees of defendant, Ron Ferguson and Virginia Wall breached any applicable standard of care. Therefore, plaintiff has failed to prove negligence and is not entitled to recovery. *Bolkhir,* 321 N.C. at 709, 365 S.E.2d at 900, N.C. Gen. Stat. § 143-291.

(Emphasis added.) In each, the actions of the staff are necessarily encompassed in the applicable finding and conclusion. The Commission concluded that Ms. Wall's actions were not negligent and that plaintiff failed to prove that her procedures, policies or staff management breached any standard of care. There is no evidence that any of her staff failed to follow any of her procedures. Thus it is clear that the Commission considered the actions of the unnamed staff in concluding that Ms. Wall was not negligent and properly applied the standard of review required by *Davis.*

The *Nelson* case properly sets forth the duty of care owed to members of the public by landowners where our Supreme Court stated:

In so holding, we note that we do not hold that owners and occupiers of land are now insurers of their premises. Moreover, we do not intend for owners and occupiers of land to undergo unwarranted burdens in maintaining their premises. Rather, we impose upon them only the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors.

*Nelson,* 349 N.C. at 632, 507 S.E.2d at 892. The *Bolkhir* case cited by the Commission, although it predates *Nelson,* is consistent with the standard set forth therein.

We thus hold that the Commission utilized the proper legal standards in its review of the Deputy Commissioner's award.

[2] We must next consider whether the findings of fact are supported by competent evidence and whether the Commission's findings of fact justify its conclusions of law. *Simmons v. N.C. Dept. of Transportation,* 128 N.C. App. 402, 405, 496 S.E.2d 790, 793 (1998).

Competent evidence in the record shows that the ficus tree had been monitored under the existing protocol for over 10 years without incident, that the tree appeared healthy, that the number of cables supporting the tree was double the recommended minimum, and that the care provided exceeded industry standards for monitoring, record keeping, pruning, watering, cabling and the like.

Given the evidence as briefly summarized above, these facts do support the Commission's conclusion of law that Ms. Wall was not negligent as stated in Conclusion of Law No. 4, although there was evidence to the contrary.

As *Bolkhir v. N.C. State Univ.,* 321 N.C. 706, 710, 365 S.E.2d 898, 900-01 (1988), cited by the Commission states:

With regard to the second element, this Court has defined proximate cause as

"a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed."

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. at 233, 311 S.E.2d at 565 (citations omitted). Foreseeability is thus a requisite of proximate cause. *Id.* To establish foreseeability, the plaintiff must prove that defendant, in the exercise of reasonable care, might have foreseen that its actions would cause some injury. *Id.* at 234, 311 S.E.2d at 565. The defendant must exercise "reasonable prevision" in order to avoid liability. *Id.* The law does not require a defendant to anticipate events which are merely possible but only those which are reasonably foreseeable. *Id.*

Having concluded that plaintiff failed to prove that Ms. Wall's procedures or staff management was negligent in any manner and it was unforeseeable that this ficus tree would fall, the Commission denied recovery. Based on the evidence supporting this determination, we cannot substitute a different judgment. Therefore, the decision of the Commission is affirmed.

Affirmed.

Judge HUNTER concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

Because I conclude that the Industrial Commission erred in its opinion and award, I respectfully dissent.

"Under the Tort Claims Act, jurisdiction is vested in the Industrial Commission to hear claims against the State of North Carolina for personal injuries sustained by any person as a result of the negligence of a State employee while acting within the scope of his employment." *Guthrie v. State Ports Authority*, 307 N.C. 522, 536, 299 S.E.2d 618, 626 (1983). On appeal from a decision by the Full Commission, this Court reviews the decision for errors of law "only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." N.C. Gen. Stat. § 143-293 (2003). Nevertheless, "[i]f the [F]ull Commission applied an incorrect standard of review to the deputy commissioner's findings, this Court could reject the [F]ull Commission's findings and conclusions as errors of law." *Hummel v. University of N.C.*, 156 N.C. App. 108, 112-13, 576 S.E.2d 124, 127, *disc. review granted*, 357 N.C. 459, 585

S.E.2d 757 (2003), *disc. review improvidently granted*, 358 N.C. 130, 591 S.E.2d 518 (2004).

This Court has previously noted that "[t]he purpose of requiring a claimant to name the negligent employee of the State agency is to enable the agency to investigate the employee involved and not all employees." *Davis v. North Carolina Dept. of Human Resources*, 121 N.C. App. 105, 111, 465 S.E.2d 2, 6 (1995), *disc. review denied*, 343 N.C. 750, 473 S.E.2d 612 (1996). However, "although the Tort Claims Act is strictly construed, the rule of strict construction should not be replaced by one of 'technical stringency.'" *Id.* (quoting *Distributors, Inc. v. Dept. of Transp.*, 41 N.C. App. 548, 550, 255 S.E.2d 203, 205, *cert. denied*, 298 N.C. 567, 261 S.E.2d 123 (1979)).

In *Davis*, this Court concluded that the plaintiff's affidavit "gave sufficient notice to defendant to allow it to narrow its investigation to those involved[,]" in that the affidavit "named the correct state agency, as required by section 143-297, the specific division of that agency, as well as the [location] where the alleged negligence took place." 121 N.C. App. at 111, 465 S.E.2d at 6. Despite the affidavit's failure to name the specific employee found negligent by the Full Commission, we affirmed the Full Commission's ruling, noting that "the objective of section 143-297 was achieved." *Id.*

Our decision in *Davis* was consistent with previous determinations by this Court, including *Distributors, Inc.* In *Distributors, Inc.*, plaintiff's affidavit named only one of the two employees whose "negligence combined and concurred" to injure plaintiff. 41 N.C. App. at 552, 255 S.E.2d at 206. However, we determined that "[t]he name of Joe Bill Moxley, the driver of the truck, and other information in plaintiff's affidavit gave to defendant sufficient notice of which employee or employees were involved so that defendant could properly confine its investigation." *Id.* Similarly, in *Smith v. N.C. Dep't of Transp.*, 156 N.C. App. 92, 576 S.E.2d 345 (2003), the plaintiff named the Secretary of Transportation, two division managers, and "unknown employees" as the individuals directly responsible for the safety of a particular railroad crossing. This Court determined that the "names and information [provided in plaintiff's affidavit] gave defendant sufficient information to 'enable the agency to investigate the employee actually involved rather than all employees.'" *Id.* at 100, 576 S.E.2d at 351 (quoting *Distributors, Inc.*, 41 N.C. App. at 551, 255 S.E.2d at 206). We thus concluded that the plaintiff was not required to name the specific employee responsible for placing a sign at the railroad crossing.

In the instant case, the Full Commission's decision reversed the opinion and award of Deputy Commissioner Ford, who had previously found that defendant's employees had been negligent in their duties with respect to plaintiff's injuries. Deputy Commissioner Ford had concluded that both Wall *and* the personnel under her supervision were negligent in their care and maintenance of the tree. However, on appeal, the Full Commission based its denial of plaintiff's claim upon its determination that plaintiff had failed to demonstrate that either of the two employees named in the affidavit were negligent. Specifically, the Full Commission found that "[t]here was no evidence that . . . Ron Ferguson had any involvement with the tree that fell on plaintiff," and that "[t]here is no showing that Ms. Wall violated any applicable standard of care in her management of the horticulture department and supervision of the horticulture staff." Thus, because the Full Commission determined that "[plaintiff] failed to prove that either of the named employees of defendant, Ron Ferguson and Virginia Wall[,] breached any applicable standard of care," the Full Commission concluded that "plaintiff has failed to prove negligence and is not entitled to recovery." I conclude that the Full Commission erred.

Plaintiff's affidavit contains a detailed depiction of how her injuries occurred and specifically states that the injuries occurred inside the African Pavilion. The affidavit names Ferguson and Wall as negligent employees and contains reference to their supervisory titles. The affidavit alleges that "[t]he injury occurred because the ficus tree which was indoors had been permitted to grow too large for its roots or alternatively had not been properly maintained to prevent it from becoming unsafe[,]" and it states that "[t]he ficus tree was under the exclusive control of the Zoo personnel." I conclude that plaintiff's affidavit provides "sufficient notice to defendant to allow it to narrow its investigation to those involved" in the maintenance of the ficus tree, including the personnel supervised by Wall. *Davis*, 121 N.C. App. at 111, 465 S.E.2d at 6.

However, there is no indication that the Full Commission considered whether any of Wall's personnel were negligent in their duties. The Full Commission's own findings of fact and conclusions of law indicate that it confined its review to the two employees named in the affidavit. By placing emphasis on the words "management" and "supervision" contained within the Full Commission's finding of fact number eighteen and conclusion of law number four, the majority concludes that the Full Commission considered the actions of Wall's staff in its opinion and award. I would not make such a leap. Although

IN RE M.R.D.C.

[166 N.C. App. 693 (2004)]

I recognize that the Full Commission serves as an appellate committee and is given the authority to reverse the decision of a Deputy Commissioner, I conclude that the Full Commission's decision in the instant case involved the application of a "technical stringency," and thus runs counter to the legislative purpose of the Tort Claims Act. I would therefore hold that the Full Commission erred in failing to consider the negligence of the personnel supervised by Wall, and, accordingly, I would reverse and remand the case.