***********
The undersigned reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Rideout. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Rideout.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's claim involved allegations of medical malpractice during his incarceration in defendant's (hereinafter "NCDOC") custody and also contained allegations of failure to provide him with proper shoes, contrary to the doctors' orders. A motions' hearing on *Page 2 
the defendant's Motions To Dismiss was held on November 13, 2003 before Chief Deputy Commissioner Stephen T. Gheen.
2. On April 20, 2004, Chief Deputy Commissioner Gheen dismissed with prejudice the portion of plaintiff's claim alleging medical negligence on the part of NCDOC three named medical doctors, following plaintiff's failure to provide a medical affidavit as required by N.C. R. Civ. P. 9(j). The marginal portion of plaintiff's claim alleging NCDOC's negligence in failing to provide plaintiff with shoes survived defendant's Motions to Dismiss.
3. At the beginning of this evidentiary hearing, NCDOC renewed its Motion to Dismiss plaintiff's tort claim on the ground that plaintiff has failed to amend its Affidavit as to name the State employee upon whose alleged negligence the claim is based.
4. Defendant made a good faith effort to investigate plaintiff's claim in the absence of the required names, however was prejudiced in its investigation by plaintiff's failure to amend his Affidavit by naming negligent State employees over a prolonged period of time.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. *Page 3 
3. N.C. Tort Claims Act requires the affiant to set forth the names of the allegedly negligent State employees, in addittion to naming a state agency, and specific acts of negligence relied upon. N.C. Gen Stat. § 143-297; Crawford v. Wayne County Bd. Of Educ., 3 N.C. App. 343,164 S.E.2d 748 (1968), aff'd, 275 N.C. 354, 168 S.E.2d 33 (1969).
4. The purpose of the procedural requirement that the negligent employee must be named is to allow the named State agency to investigate the employee involved, instead of all of its employees. Mason v. N.C.State Hwy. Comm'n, 7 N.C. App. 644, 173 S.E.2d 515 (1970).
5. Plaintiff's failure to comply with this requirement may be fatal to his tort action at the Industrial Commission. Laughinghouse v. State exrel. N.C. Ports Ry. Comm'n, 101 N.C. App. 375, 399 S.E.2d 587, cert.denied, 328 N.C. 732, 404 S.E.2d 871 (1991), 502 U.S. 1029,112 S. Ct. 866, 116 L. Ed. 2d 772 (1992).
6. Plaintiff had an ample opportunity to conduct discovery upon entry of Chief Deputy Commissioner Gheen's Interlocutory Decision and Order with purview of naming the involved State employees and providing Defendant with a sufficient information regarding the specifics of plaintiff's claim.
7. Defendant in this matter was prejudiced by plaintiff's failure to name the allegedly negligent State employees.
8. Defendant's Motion to Dismiss is hereby GRANTED for plaintiff's failure to state the named negligent employee.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER *Page 4 
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed.
This the 2nd day of August 2007.
S/ ______________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
S/ ______________________ DANNY L. McDONALD COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER