* * * * * * * * * * *
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
Plaintiff's motion to admit evidence in the form of a document entitled "Indigent Inmate Radio" is hereby GRANTED, and such evidence is made part of the record herein.
 * * * * * * * * * * *
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT *Page 2 
1. On April 4, 2002, plaintiff, an inmate in NCDOC custody, was transferred to a segregation area after he struck another inmate several times in the face. Officer Parker was responsible for packing plaintiff's property, listing the property on the NCDOC inventory form, and securing it for further disposition.
2. In the process of plaintiff's transfer to segregation, Officer Parker did not properly secure plaintiff's locker. As a result, some items in plaintiff's locker were stolen by other inmates and not recovered.
3. The items plaintiff alleges to have lost are listed in full on plaintiff's exhibit 1. Most of the items on the list are toiletries. Plaintiff did not prove the value of the lost items.
4. Plaintiff alleges that, as a result of negligence on the part of NCDOC staff, he sustained property loss.
5. Following this incident, an investigation was conducted. Staff negligence was acknowledged and plaintiff was given a new radio from the canteen and was also given $38.00, the value of a canteen radio. Plaintiff's testimony and the NCDOC Incident Report, marked as Defendant's exhibit 1, corroborate plaintiff's monetary reimbursement and the issuance of a replacement radio in connection with this incident.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that an injury was sustained that was the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. §143-291. The *Page 3 
terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. Of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. Rex Hospital, 326 N.C. 701,392 S.E.2d 380 (1990).
4. Because plaintiff, through normal NCDOC procedures, received a new radio to replace the stolen one and $38.00, a reasonable sum to compensate him for the loss of the other items, plaintiff has not proven that he sustained an injury, which is an element necessary for his claim. Pulley v. Rex Hospital, 326 N.C. 701, 392 S.E.2d 380 (1990).
5. Plaintiff did not establish his right to relief under the Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. No costs are assessed at this time.
 This the 20th day of August, 2007. *Page 4 
S/________________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/________________________ BUCK LATTIMORE CHAIRMAN
S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1