* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen and the brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 * * * * * * * * * * * MOTION TO DISMISS
Defendant's Motion to Dismiss plaintiff's appeal for failure to timely file notice of appeal pursuant to N.C. Gen. Stat. § 143-292 and Tort Claims Rule 301 is hereby DENIED.
 * * * * * * * * * * * *Page 2 
Based upon all of the competent evidence of record and reasonable inferences flowing therefore, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, inmate in NCDOC custody, testified that on or about July 17, 2002, another inmate threw chemical in his eyes. Plaintiff stated that he has eye problems as a result of this incident.
2. Plaintiff claims that negligence on the part of Assistant Superintendent Harold L. Person led to this alleged incident.
3. Mr. Person, who was a Correctional Unit Manager at the Caledonia Correctional Institution at the time of the alleged incident, testified that, prior to the alleged incident, he was not aware of or alerted to any existing problems between plaintiff and any other inmate.
4. After plaintiff complained to the staff that somebody threw chemicals at him, plaintiff was immediately moved to a different bed assignment to prevent any confrontation.
5. No credible evidence was presented showing any injuries to plaintiff in connection to this alleged incident.
6. NCDOC staff could not verify plaintiff's version of the events during the investigation of plaintiff's grievance.
 * * * * * * * * * * *
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state *Page 3 
employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. Northwestern Distrib., Inc. v. N.C. Dept. of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123
(1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enter the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
This the 24th day of August, 2007.
S/____________________________ DIANNE C. SELLERS COMMISSIONER *Page 4 
CONCURRING:
 S/____________________________ BUCK LATTIMORE CHAIRMAN
 S/____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER