NORTHWESTERN DISTRIBUTORS, INC. v. N. C. DEPARTMENT OF TRANSPORTATION

No. 7810IC623

(Filed 5 June 1979)

State § 7.1— action under Tort Claims Act—concurring negligence by two employees—only one employee named in affidavit

In an action under the Tort Claims Act to recover for damages to plaintiff's truck when it collided with a Department of Transportation dump truck which blocked both lanes of the highway near a curve so that the view of plaintiff's driver was obstructed when there were no warning signs closer than 2.6 miles, the negligence of the dump truck driver in the manner in which he stopped his dump truck across the highway concurred in causing the collision with the negligence of his foreman who directed him where to dump his load of dirt and who had the duty of posting adequate warning signs, and plaintiff's affidavit naming only the dump truck driver as the negligent employee was sufficient to support its claim without also naming the foreman who had the duty of posting warning signs.

APPEAL by plaintiff from Order of North Carolina Industrial Commission entered 10 May 1978. Heard in the Court of Appeals 28 March 1979.

Plaintiff filed a claim with the North Carolina Industrial Commission under the Tort Claims Act (Chap. 143, Art. 31, General Statutes of North Carolina) for recovery of damages to its truck as a result of a collision in Alleghany County on 8 September 1976.

The evidence for the plaintiff tended to show that at 10:50 a.m. John C. Brooks was driving plaintiff's truck in an easterly direction on Highway 93. About 2.6 miles west of the point of collision, the following road signs appeared along the highway: "Road Construction Ahead," "One Lane Road Ahead," and "Flagman — 500 Feet." About 1.3 miles beyond these three road signs defendant was using a motor grader for work on the road. There were no additional signs or other warning devices on the highway for motor vehilces traveling in an easterly direction.

About 2.6 miles east of the three signs and 1.3 miles east of the motor grader and 200 feet east of a sharp curve defendant's dump truck operated by Joe Bill Moxley was stopped across the highway blocking both the travel lanes of the highway. Moxley was defendant's employee and was acting within the course and scope of his employment. There was no flagman and no warning signs or other warning devices in the vicinity of the obstructing truck, which could be seen by eastbound traffic for only 200 feet because of the curve.

Brooks drove plaintiff's truck around the curve at a speed of about 30 to 35 miles per hour, saw defendant's truck about 200 feet away, and braked and geared down the truck in trying to stop but was unable to do so. Plaintiff's truck was damaged in the amount of $1,550.67.

The evidence for the defendant tends to show that Joe Bill Moxley at the time of the collision was dumping the dirt from his truck at a place on the highway designated by a foreman. He did not know if there were warning signs west of the dumping site.

Chief Deputy Commissioner Forrest H. Shuford II awarded damages to plaintiff as claimed. Upon application for review the Full Commission reversed and set aside the award to the plaintiff.

*Attorney General Edmisten by Assistant Attorney General Sandra M. King for the State.*

*Moore & Willardson by Larry S. Moore and John S. Willardson for plaintiff appellant.*

CLARK, Judge.

Plaintiff's claim is based on its affidavit alleging negligence on the part of Joe Bill Moxley, defendant's employee who stopped

the truck across the highway. Commissioner Shuford and the Full Commission found that plaintiff was not contributorily negligent. But the Full Commission found that defendant's employee Moxley was not negligent since at the time of the collision he was dumping dirt from the truck "into a field chosen by the foreman and . . . was acting under these instructions." The Full Commission in a "Comment" added:

> ". . . If the employee had authority to post signs or other warnings or any duty to post such signs or warnings, this is not shown by the record. The Tort Claims Act requires a plaintiff to name in his affidavit the particular employee upon whose alleged negligence his claim is based. Plaintiff selected Moxley as the negligent employee, but we can find no negligent act on his part. *Floyd v. Highway Commission*, 241 N.C. 461; *Mason v. Highway Commission*, 7 N.C. App. 644."

The Full Commission has taken the position that the negligence of defendant consisted solely of the failure to warn the plaintiff of the obstruction on the highway, that defendant's driver Joe Bill Moxley had no duty to warn, and that plaintiff's claim must fail because Moxley, rather than the employee who had the duty to post signs or warnings, was named as the negligent employee in the claimant's affidavit as required by G.S. 143-297(2).

Though North Carolina has adopted the view that the Tort Claims Act must be strictly construed (*see* Note 33 N.C.L. Rev. 613 (1955)), the Full Commission in the case before us defeated the legislative purpose by replacing the rule of strict construction with one of technical stringency. Under the Act, negligence, contributory negligence and proximate cause, as well as the applicability of the doctrine of respondeat superior, are to be determined under the same rules as those applicable to litigation between private individuals. *Barney v. Highway Comm.*, 282 N.C. 278, 192 S.E. 2d 273 (1972).

Clearly, plaintiff's evidence established that the defendant Department of Transportation was negligent in blocking the traveled portion of the highway near a curve so that the view of plaintiff's driver was obstructed when there were no warning signs closer than 2.6 miles. Defendant's employees were actually engaged in road construction, and under G.S. 20-168 the provisions of G.S. 20-161(a) (relating to parking on a highway) and other

provisions of Chapter 20, Art. 3, North Carolina General Statutes are not applicable, subject to statutes excepted in G.S. 20-161(b). Nevertheless, under the Tort Claims Act driver Moxley and other employees were required to use reasonable care while so engaged in working on the highway, and this failure to do so would constitute negligence. Decisions involving litigation between private individuals support the conclusion that under these circumstances the defendant was negligent in violating the common law duty of due care, though those decisions also involved violations of G.S. 20-161. *See Saunders v. Warren,* 267 N.C. 735, 149 S.E. 2d 19 (1966); *Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361 (1965); *Chandler v. Forsyth Royal Crown Bottling Co.,* 257 N.C. 245, 125 S.E. 2d 584 (1962); *Pender v. National Convoy and Trucking Co.,* 206 NC. 266, 173 S.E. 336 (1934); *Wilson v. Miller,* 20 N.C. App. 156, 201 S.E. 2d 55 (1973).

The Full Commission concluded that defendant's employee Joe Bill Moxley was not negligent because he was dumping dirt under instruction from the foreman. A servant who obeys the commands of his master is not liable for injury to third persons unless he knew or had reason to believe that the act or acts were hazardous and liable to occasion injury to some third person. 57 C.J.S., Master and Servant, § 577 (1948). The only evidence offered by defendant relating to dumping instructions was the testimony of Moxley that his foreman instructed him where to dump the truck, and the testimony of Owen G. Carpenter that he showed Moxley where to put the dirt. Moxley stopped his truck so as to block both travel lanes of the highway near a curve. This was a hazardous act. Though instructed where to place the dirt, it does not appear that in doing so he was instructed, or that it was necessary, to block both travel lanes. Nor does it appear that either Moxley or Carpenter knew, or made any effort to determine, whether warning signs were placed on the highway west of the work site. In our opinion this evidence is not sufficient to support the finding that Moxley innocently obeyed the orders of his supervisor.

The purpose of G.S. 143-297(2), requiring a claimant under the Tort Claims Act to name in the affidavit the negligent employee of the State agency, is to enable the agency to investigate the employee actually involved rather than all employees. *Tucker v. State Highway and Public Works Commission,* 247 N.C. 171, 100

S.E. 2d 514 (1957); *Mason v. State Highway Commission*, 7 N.C. App. 644, 173 S.E. 2d 515 (1970). In his affidavit plaintiff named Joe Bill Moxley. His negligent conduct in stopping the truck across the highway was a direct and proximate cause of the collision and the resulting damage to plaintiff's vehicle. His negligence combined and concurred with that of the employee who had the duty of posting adequate signs or other warnings on the highway. The name of Joe Bill Moxley, the driver of the truck, and other information in plaintiff's affidavit gave to defendant sufficient notice of which employee or employees were involved so that defendant could properly confine its investigation. Under these circumstances we do not find that plaintiff was required to determine and to name in his affidavit in addition to Moxley the particular employee who had the duty of posting signs or other warnings.

The order of the Full Commission is reversed and the cause is remanded to the Commission for proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge ARNOLD concur.