***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed his Tort Claim Affidavit with the North Carolina Industrial Commission against the Forsyth County District Attorney's Office. Plaintiff alleged that the Forsyth County District Attorney's Office negligently charged, convicted, and sentenced him.
2. At the hearing before the Deputy Comissioner, defendant moved to dismiss plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. Defendant contends that the Forsyth County District Attorney's Office is not an agency, department or institution of the State of North Carolina subject to suit under the Tort Claims Act.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the Industrial Commission with jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Tort Claims Act must be strictly construed as to issues of jurisdiction. NorthwesternDistributors, Inc. v. DOT, 41 N.C. App. 548, 255 S.E.2d 203, cert.denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. The Industrial Commission has no jurisdiction over the District Attorneys Office, as it is not a state agency or department as required by the Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.; Harvey v.Guilford County District Attorneys Office (I.C. File No. TA-15954, filed June 9, 2000) (Industrial Commission does not have jurisdiction over a District Attorney).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed, as plaintiff was permitted to file this civil action in forma pauperis.
This 10th day of November 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER