***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff filed his Tort Claim Affidavit filed with the North Carolina Industrial Commission against the Gaston County District Attorney's Office. The plaintiff alleged that the Gaston County District Attorney's Office negligently charged him.
2. At the hearing before the Deputy Commissioner, the defendant NCDOC moved to dismiss the plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. The defendant NCDOC contends that the Gaston County District Attorney's Office is not an agency, department or institution of the State of North Carolina subject to suit under the Tort Claims Act.
3. The plaintiff requested a continuance.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Motions for continuance are in the discretion of the trial court for good cause shown. The plaintiff failed to show good cause for the continuance requested, as the allegations against the District Attorney's Office are unambiguous and the continuance would adduce no further allegations of fact or law. N.C. Gen. Stat. § 1A-1, Rule 40.
2. N.C. Gen. Stat. § 143-291 confers the Industrial Commission with jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Tort Claims Act must be strictly construed as to issues of jurisdiction. Northwestern Distributors,Inc. v. DOT, 41 N.C. App. 548, 255 S.E.2d 203, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979).
3. The Industrial Commission has no jurisdiction over the District Attorneys Office, as it is not a state agency or department as required by the Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.; Harvey v.Guilford County District Attorney's Office (I.C. File No. TA-15954, filed June 9, 2000) (Industrial Commission does not have jurisdiction over a District Attorney); Austin v. State of North Carolina and Durham CountyDistrict Attorney's Office (I.C. File No. TA-17185, filed May 7, 2004) (Industrial Commission does not have jurisdiction over Durham County District Attorney's Office because it is not a state agency or department).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's motion for a continuance is DENIED.
2. The plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
3. No costs are taxed as the plaintiff was permitted to file this civil action in forma pauperis.
This 10th day of August 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER