***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motion to Dismiss was held on December 8, 2005.
2. Plaintiff filed his Tort Claim Affidavit with the North Carolina Industrial *Page 2 
Commission alleging that the acts of Theodis Beck, Secretary of the North Carolina Department of Correction, and the actions of the North Carolina Prisoner Legal Services (hereinafter "NCPLS"), in not representing him, deprived plaintiff of "access to the courts." Plaintiff maintains that because NCPLS has not provided him with legal services he remains incarcerated.
3. From the evidence of record, it would appear that defendant contracts with NCPLS to provide inmates with legal services. NCPLS services are made available to plaintiff and other inmates through a contract made with the State, under orders of the United States District Court for the Eastern District of North Carolina, implementing the decision of the United States Supreme Court in Bounds v. Smith,430 U.S. 817, 97 S.C. 1491, 52 L.Ed.2d 72(1977), that "the state must provide inmates with meaningful access to the courts by providing them with law libraries or alternative sources of legal knowledge." Smith v.Bounds, 657 F. Supp. 1327, 1333 (E.D.N.C., 1986).
4. Defendant moved to dismiss plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. Defendant contends that NCPLS is not an agency, department or institution of the State of North Carolina subject to suit under the Tort Claims Act and that plaintiff has failed to allege any specific acts of negligence against Beck.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the Industrial Commission with jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Tort Claims Act must be strictly *Page 3 
construed as to issues of jurisdiction. Northwestern Distributors, Inc.v. DOT, 41 N.C. App. 548, 255 S.E.2d 203, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979).
2. Even assuming that plaintiff has stated acts of negligence against Beck and NCPLS, the Industrial Commission previously held that the State Tort Claims Act does not confer jurisdiction to the Industrial Commission over defendant based upon negligent acts of the NCPLS under the doctrine of respondeat superior. N.C. Gen. Stat. § 143-291 etseq.; Darnel v. North Carolina Prisoner Legal Services, Inc., (I.C. NO. TA-13226, Filed Date: October 26, 1995) (hereinafter "Darnell").
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Moore's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Moore was permitted to file this civil actionin forma pauperis.
This the 6th day of February, 2007.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE *Page 4 
CHAIRMAN
DISSENTING:
 S/___________________ THOMAS J. BOLCH COMMISSIONER *Page 5