***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. A hearing on defendant's Motion to Dismiss was held on December 8, 2005 before Chief Deputy Commissioner Gheen.
2. Plaintiff filed his Tort Claim Affidavit filed with the North Carolina Industrial Commission against the Columbus County District Attorney's Office. Plaintiff alleged that the Columbus County District Attorney's Office violated his constitutional rights.
3. Defendant moved to dismiss plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. *Page 2 
Defendant contends that the Columbus County District Attorney's Office is not an agency, department or institution of the State of North Carolina subject to suit under the Tort Claims Act.
4. Defendant moved to dismiss plaintiff's claim for lack of subject matter jurisdiction in that plaintiff's Affidavit alleges constitutional violations which are not covered under the Tort Claims Act.
5. Defendant also moved to dismiss plaintiff's claim as plaintiff failed to file his Affidavit within the applicable statute of limitations period.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the Industrial Commission with jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Tort Claims Act must be strictly construed as to issues of jurisdiction. NorthwesternDistributors, Inc. v. DOT, 41 N.C. App. 548, 255 S.E.2d 203, cert.denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. The Industrial Commission has no jurisdiction over the District Attorneys Office as it is not a state agency or department as required by the Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.; Harvey v.Guilford County District Attorney's Office (I.C. File No. TA-15954, filed June 9, 2000) (Industrial Commission does not have jurisdiction over a District Attorney); Austin v. State of North Carolina and DurhamCounty District Attorney's Office (I.C. File No. TA-17185, filed May 7, 2004) (Industrial Commission does not have jurisdiction over Durham County District Attorney's Office because it is not a state agency or department). *Page 3 
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 6th day of February, 2006.
 S/___________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER *Page 4