* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, an inmate incarcerated in defendant's custody, complained that due to his orthopedic problems, the standard state-issued shoes were not suitable for him. In 2001, defendant approved and issued special footwear for plaintiff. *Page 2 
2. On May 21, 2003, defendant's employee, Dr. Hassan, issued an order to replace plaintiff's worn out special footwear.
3. On May 26, 2003, Dr. Hassan reviewed, clarified and cancelled his May 21, 2003 order, documenting that plaintiff had no medical or work-related indication for non-steel-toed boots.
4. Defendant's policy allows an inmate to have three pairs of shoes: one pair of steel-toed work boots, one pair of tennis shoes purchased from the prison canteen, and one pair of shower shoes also purchased from the prison canteen. In the absence of documented clinical necessity, no orthopedic or other prescription footwear is allowed in state prisons.
5. Plaintiff did not present any credible and competent evidence showing that he had, at the time complained of, any medical order for "orthopedic" or other prescription shoes.
6. Plaintiff did not present any evidence that his feet were injured or otherwise affected by defendant's refusal to provide him with special order shoes or boots.
7. Plaintiff admitted that he did receive special state-issued shoes at some point after filing his tort claim.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must also show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. See N.C. Gen. Stat. § 143-291. The terms *Page 3 
of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. Dept. Of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty owed to him; (2) a breach of that duty by defendant (i.e., the named employees thereof in a tort claim); (3) that he sustained an injury; and (4) that the injury was a proximate result of the breach of duty. Pulley v. Rex Hospital,326 N.C. 701, 392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove his case by a preponderance of the evidence.
4. The evidence demonstrated that plaintiff did not have in his possession special order boots or shoes for some period of time relevant to this tort claim. However, plaintiff failed to meet the burden of proof that defendant had a duty to issue him orthopedic or other special footwear and that a State employee breached any duty of reasonable care. Plaintiff also failed to prove by greater weight of evidence that he sustained any damages as a result of the allegedly wrongful conduct.
5. Plaintiff has failed to meet his burden of proof as to the above elements of negligence and is not entitled to relief under the Tort Claims Act. N.C. Gen. Stat. § 143-291, et seq.
 * * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 4 
 ORDER
1. Plaintiff's claim is hereby DISMISSED.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
This 11th day of July, 2007.
S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________________ BUCK LATTIMORE CHAIRMAN
 S/___________________________ DANNY LEE MCDONALD COMMISSIONER