* * * * * * * * * * *
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 * * * * * * * * * * *
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff's allegations concern the actions of Mark Hayes, an attorney who represented plaintiff in criminal proceedings during 2000 in the capacity of a public defender. *Page 2 
Plaintiff claims that Mr. Hayes was negligent in performing his legal duties to plaintiff, causing plaintiff to be unlawfully incarcerated for habitual felon status.
2. Plaintiff alleges that Mr. Hayes performed his legal duties inadequately during the negotiation of a plea agreement.
3. Entered into evidence and marked as plaintiff's exhibit 1 is a plea adjudication form dated 15 June 2000. This document was signed by plaintiff and reflects plaintiff's acceptance and understanding of his plea agreement. This plea agreement was accepted and signed by Judge Henry E. Fry, Jr. on 15 June 2000.
4. Also on this form plaintiff wrote "no" on the line following the question: "Do you have any questions about what has just been said to you or about anything else connected with your case?"
5. No credible evidence was presented showing any negligence on the part of attorney Mark Hayes in his representation of plaintiff.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. §143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. Of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. No costs are assessed at this time.
This the 20th day of July, 2007.
S/________________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/________________________ BUCK LATTIMORE CHAIRMAN
S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1