* * * * * * * * * * *
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
Plaintiff's motion for appointment of counsel is hereby DENIED.
 * * * * * * * * * * *
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff, an inmate in NCDOC custody, was transferred to Pasquotank Correctional Institution on or about March 20, 2003 from another prison facility. At the end of March 2003, plaintiff's prescriptions for medications to treat plaintiff's asthma, including a *Page 2 
Pulmicort inhaler and an Albuterol inhaler, were renewed. The medication was ordered and was expected to be distributed to plaintiff on or before April 3, 2003.
2. Due to plaintiff's transfer, there was a slight delay in delivering these medications to plaintiff. The Pulmicort inhaler arrived on April 7, 2003. Plaintiff's Albuterol inhaler arrived at the Pasquotank Correctional Institution on April 16, 2003. As soon as these medications arrived, they were issued to plaintiff.
3. During the period when plaintiff was without his medication, he did not suffer any asthma attacks nor did he present any symptoms of breathing problems.
4. Plaintiff did not complain to nurses or prison staff about any health problems he was experiencing due to the absence of his medications.
5. When plaintiff inquired, the NCDOC nurses explained to plaintiff that if he were to develop symptoms the medication would immediately be provided to him from the unit's reserves.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. §143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. Of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
4. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a] ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. §90-21.12 shall be dismissed unless:
 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur." *Page 4 
5. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that defendant provided plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that, generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus.,Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
6. Plaintiff has failed to meet his burden under Rule 9(j) of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. §§ 90-21.11,90-21.12, and Warren v. Canal Indus., Inc., 61 N.C. App. 211,300 S.E.2d 557 (1983).
 * * * * * * * * * * *
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim must be, and hereby is DENIED.
2. No costs are taxed at this time.
This the 20th day of August, 2007.
S/________________________
DANNY LEE McDONALD
COMMISSIONER
CONCURRING:
S/________________________ BUCK LATTIMORE CHAIRMAN
S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1