* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with minor modifications, the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1 All parties are properly before the Industrial Commission, which has jurisdiction of the parties and the subject matter.
2 All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3 On June 6, 2001, plaintiff attended a training class entitled "Subject Control and Arrest Techniques" conducted at Southeastern Community College.
4 Plaintiff attended the class as a member of the Columbus County Sheriff's Department.
5 Burnis L. Wilkins, Jr., an employee of Southeastern Community College taught the training class.
6 On the afternoon of June 6, 2001, Mr. Wilkins began to teach handgun retention techniques. The last portion of the handgun retention class utilizes the use of the "Red Man" suit. The person in the Red Man suit is covered in padded materials so as to not be injured when he receives a blow or strike from the officer student holding the weapon. The "Red Man' is instructed to grab the entering officer's weapon. The entering officer is instructed to retain the weapon and may utilize all techniques taught to retain the weapon. These include kicks, stuns, strikes and various others.
7 At approximately 3:10 p.m., Mr. Wilkins escorted plaintiff into a training room. Plaintiff was instructed, in part, to keep her eyes closed until she felt a tug at the weapon she was holding in front of her.
8 After entering the room, Mr. Wilkins turned the light off. The room had a radio playing loudly and a strobe light to simulate a nightclub. *Page 3 
9 During this exercise, plaintiff sustained an injury to her knee that ultimately required two surgeries.
10 The issues for determination are:
 • Was plaintiff injured by the negligence of defendant?
 • Did plaintiff, by her own negligence contribute to her injuries?
 • To what amount, if any is plaintiff entitled recover from defendant for her injuries?
11. The parties stipulated into evidence the following:
 • Stipulated Exhibit A, exhibits 1-75.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1 On June 6th, 2001, plaintiff attended a training class entitled Subject Control and Arrest Techniques conducted at Southeastern Community College. Plaintiff attended the class as a member of the Columbus County Sheriff's Department. Burnis L. Wilkins, Jr., an employee of Southeastern Community College taught the training class.
2 On the afternoon of June 6th, 2001, Mr. Wilkins began to teach handgun retention techniques. The last portion of the handgun retention exercise utilizes the use of the "Red Man" suit. The person in the Red Man suit is covered in padded materials so as to not be injured when he receives a blow or strike from the officer student holding the weapon. The entering officer does not wear padding. The "Red Man" is instructed to grab the entering officer's weapon. The entering officer is instructed to retain the weapon and may utilize all techniques taught to retain *Page 4 
the weapon. These include kicks, stuns, strikes and various other techniques. The Red Man is instructed not to retaliate when the entering officer uses retention techniques.
3. Prior to plaintiff's turn, approximately 15 other students completed the exercise. None of those students sustained any injury or complained about the manner in which the exercise was conducted.
4. When it was plaintiff's turn, Mr. Wilkins escorted her into the approximately four feet wide by ten feet deep usable space room in the same manner as all prior students. Once inside the room, Mr. Wilkins stood behind plaintiff to observe the exercise. Mr. Kevin Norris, who was wearing the "red man" suit observed Mr. Wilkins standing behind plaintiff inside the room. Mr. Norris did not see Mr. Wilkins in front of or to the right of plaintiff during the exercise. A spotter stood behind Mr. Norris to keep him from falling backward when struck.
5. Once plaintiff entered the room, as part of the exercise, the light was turned off and loud music and a strobe light were turned on before plaintiff opened her eyes so as to simulate a small, crowded nightclub.
6. Almost immediately after the exercise began, Mr. Wilkins saw plaintiff's right leg move in an awkward manner and saw her fall to the floor. Plaintiff testified that she felt a sharp blow to her right knee from the right and fell to the floor screaming in pain.
7. Plaintiff was taken by ambulance to the Columbus County Hospital emergency room where she was diagnosed with a fracture, comminuted medial tibial plateau, and underwent surgery performed by Dr. Candella. On January 31, 2002, plaintiff underwent a second surgery to remove protruding screws. Plaintiff last worked on June 6, 2001 and on January 1, 2002, took medical retirement from Columbus County due to her knee condition. *Page 5 
8. Plaintiff testified that she did not see Mr. Wilkins kick or strike her in any manner and was unable to identify the specific source of the kick or blow she alleges occurred.
9. There was no evidence to indicate that any of the objects in the room including boxes, traffic cones or other objects caused the injury to plaintiff's right knee as she did not come into contact with them. In addition, there was insufficient evidence to indicate the lack of padding on the floor caused the injury to plaintiff's right knee.
10. The greater weight of the evidence reveals that the parameters of the exercise were explained in detail to the students prior to their participation in the exercise. Further, instructions were given to the person in the "Red Man" suit that the students were not to be struck in any manner.
11. The Full Commission finds that Mr. Wilkins is an experienced, certified instructor and took reasonable precautions for the safety of the students and others participating in the exercise. Even if plaintiff were struck in the knee, there is insufficient evidence as to how she was struck, who struck her or that such a strike was the result of negligence.
12. The Full Commission further finds that the exercise was conducted in a reasonably safe manner and the injury sustained by plaintiff was not reasonably foreseeable to defendant under the circumstances of the training exercise.
13. The greater weight of the evidence reveals and the Full Commission finds that plaintiff has failed to introduce sufficient evidence to overcome her burden of proof that defendant was negligent in the execution of the exercise or that her injuries and damages were proximately caused by defendant's negligence. *Page 6 
 * * * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. See N.C. Gen. Stat. §143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. of Transportation,41 N.C. App. 548, 255 S.E.2d 203, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to her; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. Rex Hospital, 326 N.C. 701,392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove her case by a preponderance of the evidence. In the present case, the Full Commission finds that plaintiff has failed to prove a breach of a specific duty owed to her. Plaintiff has further failed to prove that any act or omission by defendant proximately caused her damages.
 * * * * * * * * * * * *Page 7 
Based on the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for damages against defendant under the Tort Claims Act must be and hereby is denied.
2. Each side shall bear its own costs.
 S/
 PAMELA T. YOUNG CHAIR
 CONCURRING: S/
 BUCK LATTIMORE COMMISSIONER
S/
 CHRISTOPHER SCOTT COMMISSIONER *Page 1