***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefore, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleged in his Affidavit and at the evidentiary hearing that he was told by officers at Brown Creek Correctional Institution that he had to send his diamond wedding ring *Page 2 
home. Plaintiff alleged that, on December 18, 2002, he placed the ring in a plastic container and put it in an envelope addressed to his wife. Plaintiff further alleged that he gave the package to Sergeant Taylor to mail for him, but that when the package arrived at his home, the package was empty.
2. No ring was listed on the DC-160 Personal Property Inventory Plaintiff signed upon arriving at Brown Creek in 2000.
3. Plaintiff filed a grievance pursuant to the Department of Correction's Administrative Remedy Procedure on February 4, 2003.
4. On February 12, 2003, Plaintiff signed a statement indicating that the grievance had been resolved and that he agreed with the grievance response.
 * * * * * * * * * * *
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. The terms of the Tort Claims Act must be strictly construed.Northwestern Distributors, Inc. v. N.C. Dept of Transportation,41 N.C. App. 548, 255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123
(1979). In order to recover on a civil claim for negligence, plaintiff is required to prove (1) existence of a duty to him; (2) a breach of that duty *Page 3 
by defendant (the named employees thereof in the tort claim); (3) injury sustained; (4) as a proximate result of the breach of duty. Pulley v.Rex Hospital, 326 N.C. 701, 392 S.E.2d 380 (1990). Plaintiff must show that the injuries sustained were the proximate result of a negligent act by the named state employee, acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291.
4. Considering plaintiff's allegations in the affidavit and evidence at the evidentiary hearing as true, plaintiff failed to show, by the greater weight of the evidence, any negligent acts by employees of the Defendant N.C. Department of Corrections.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enter the following:
 ORDER
1. Plaintiff's claim must be and is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 23rd day of April, 2008.
S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 4 
CONCURRING:
 S/______________________ BUCK LATTIMORE COMMISSIONER
 S/______________________ DANNY LEE McDONALD COMMISSIONER *Page 1