***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn and the brief before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission adopts in part and reverses in part the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. All parties were correctly designated and there is no question as to misjoinder or nonjoinder of parties.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Prior to August 5, 2002, plaintiff had exhausted all levels of state and federal jurisdictions, except to the U.S. Supreme Court, in an attempt to overturn his conviction.
2. On August 5, 2002, while plaintiff was an inmate at the Sanford Advancement Center, Officers Wilson and Cowens, along with Sergeant Covington, came to plaintiff's area at about 2:00 a.m. and directed plaintiff to open his locker from which they removed all of plaintiff's belongings. The correctional officers did not fill out a DC-160, which is an inventory form on which a prisoner's property is listed.
3. The contents of plaintiff's locker included unspecified documents allegedly related to plaintiff's pending matter before the U. S. Supreme Court. Plaintiff was in the process of attempting to prefect the appeal of his conviction to the U. S. Supreme Court at the time the documents were removed from his locker. On October 16, 2003, plaintiff filed an extension of time to file his application for writ of certiorari. On October 22, 2003, plaintiff was notified that his application for an extension of time was returned because plaintiff did not set forth with specificity the reasons to justify why the extension of time should be granted, among other *Page 3 
reasons. On December 10, 2003, plaintiff's application for an extension of time was denied. Plaintiff failed to present evidence that the information in the missing documents would have been vital to making a successful application for an extension of time.
3. Defendant has never returned the documents and it is unknown what happened to them.
4. Defendant's agents did not document what was taken from plaintiff's possession as required by defendant's rules and guidelines.
5. Plaintiff presented no competent evidence that he was denied access to the courts due to the loss of the unspecified legal documents. Plaintiff has not proven damages.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions, and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. The terms of the Tort Claims Act must be strictly construed.Northwestern Distributors, Inc. v. N.C. Dept of Transportation,41 N.C. App. 548, 255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123
(1979). In order to recover on a civil claim for negligence, plaintiff is required to prove (1) existence of a duty to him; (2) a breach of that duty by defendant (the named employees thereof in the tort claim); (3) injury sustained; (4) as a *Page 4 
proximate result of the breach of duty. Pulley v. Rex Hospital,326 N.C. 701, 392 S.E.2d 380 (1990), N.C. Gen. Stat. § 143-291. In the case at hand, defendants took possession of plaintiff's personal property, which created a duty to use reasonable efforts to preserve the property. NCDOC Officers took exclusive possession of plaintiff's personal property. NCDOC Officers owed plaintiff a reasonable duty of care under these circumstances to protect the property from being lost. N.C. Gen. Stat. § 143-291.
4. The burden of proving damages is on the party seeking those damages. Olivetti Corporation v. Ames Business Systems, 319 N.C. 534,356 S.E.2d 578 (1987). The party seeking damages must show that the amount of damages is based on a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty.Midgett v. Highway Commission, 265 N.C. 373, 144 S.E.2d 121 (1965). In the case at hand, plaintiff failed to carry his burden of proving the value of the property contained within his locker. Any determination of damages based on plaintiff's likely success with his appeal to the U.S. Supreme Court is speculative. Service Co. v. Sales Co., 259 N.C. 400,131 S.E.2d 9 (1963).
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for damages must be and is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 12th day of August, 2008.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/___________________ CHRISTOPHER SCOTT COMMISSIONER