* * * * * * * * * * *
The undersigned reviewed the prior Decision Order, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Gillen with modifications.
 * * * * * * * * * * *
Entered into evidence at the hearing before the deputy commissioner was:
 a. A letter to plaintiff from the North Carolina Supreme Court Clerk's office dated 11 October 2007, marked as plaintiff's exhibit 1.
 b. A letter to plaintiff from the North Carolina Court of Appeals Clerk's office dated 27 November 2007, marked as plaintiff's exhibit 2. *Page 2 
 c. A letter to plaintiff from the State of North Carolina Office of Indigent Defense Services dated 25 April 2005, marked as plaintiff's exhibit 3.
 d. A letter from plaintiff to Attorney Staples Hughes dated 4 July 2005 marked as plaintiff's exhibit 4.
 e. A letter from Attorney James P. Hill, Jr. to plaintiff dated 9 August 2005 marked as plaintiff's exhibit 5.
 f. A printed copy of the decision in a case involving plaintiff (COA04-872), filed 5 July 2005 marked as plaintiff's exhibit 6.
 g. A group of documents entitled "Amended Itemized Claim of Damages" collectively marked as plaintiff's exhibit 7.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on plaintiff's tort claim was held on April 9, 2008 before Deputy Commissioner Gillen.
2. Plaintiff, an inmate in the custody of the N.C. Department of Corrections (NCDOC), testified that he was negligently represented by defendant, the State of North Carolina Office of Indigent Defense Services. Specifically, plaintiff alleges that he relied on defendant to file a petition for discretionary review to the North Carolina Supreme Court, that this was not filed, and that as a result no appeal was taken.
3. Attorney Staples Hughes, the head of defendant's Durham office, testified that defendant handles roughly 1,100 cases per year. Although defendant currently employs 12 *Page 3 
attorneys, less than 12 employees were employed during the time in question. The vast majority of cases handled by this office are assigned to roster attorneys. Roster attorneys are private practitioners and are assigned by defendant from a roster of approved attorneys. These attorneys then submit the hours they work on assigned cases to defendant and receive payment.
4. James P. Hill, Jr. was assigned by defendant as a roster attorney to represent plaintiff before the North Carolina Court of Appeals in the case which is the subject of this claim. Once a case is assigned to a roster attorney, defendant does not exert any supervisory power over the assigned attorney and does not have any control over the way the case is handled. Among other reasons, defendant does not have the resources to exert such power and control.
5. Given the July 5, 2005 filing date of the North Carolina Court of Appeals decision, August 9, 2005 was the last day plaintiff could have filed seeking discretionary review of the North Carolina Supreme Court.
6. Plaintiff submitted into evidence "plaintiff's exhibit 5" which is a letter to plaintiff from Attorney Hill dated August 9, 2005 stating that Attorney Hughes by telephone indicated that defendant's office would be responsible for filing plaintiff's petition for discretionary review. Attorney Hughes testified credibly that he does recall the conversation referenced by Attorney Hill in plaintiff's exhibit 5. Citing the significant work that would have been required before filing for discretionary review by the North Carolina Supreme Court, Attorney Hughes further testified credibly that he would not have accepted plaintiff's case from Attorney Hill in the way described in plaintiff's exhibit 5.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 4 
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 2nd day of March 2009. *Page 5 
S/_______________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_______________________ DIANNE C. SELLERS COMMISSIONER
 S/_______________________ BERNADINE S. BALLANCE COMMISSIONER