* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gillen and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Gillen, with minor modifications and enters the following Decision and Order.
 * * * * * * * * * * *
The following documents were entered into as evidence as:
 EXHIBITS
1. A one-page medical record dated 9 June 2005 and signed by Dr. Rosamuel Dawkins on 10 June 2005, marked as defendant's exhibit 1. *Page 2 
2. Twelve pages of documents associated with this matter, including the incident report and signed witness statements, marked as defendant's exhibit 2.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. A hearing on plaintiff's tort claim was held on 7 August 2008 before Deputy Commissioner Gillen.
2. Plaintiff, an inmate in NCDOC custody, testified that on or about 16 June 2005 he fell down some stairs when his previously fractured knee "gave out" as he was being transported to a medical appointment. Plaintiff was on "ICON" status (an increased security classification) when this event occurred. Plaintiff alleges that he suffered injuries to his back as a result of the fall.
3. Plaintiff's testimony about his knee condition is directly refuted by defendant's exhibit 1, an x-ray report dated June 10, 2005 showing no fracture or dislocation to plaintiff's knee. Plaintiff's knee was normal.
4. Plaintiff produced insufficient evidence to support his contentions that he was improperly restrained or escorted. Defendant's exhibit 2 and the testimony of Correctional Officer Jacqueline Maxey which is found to be credible, directly refute this allegation of negligence.
5. Plaintiff did not present sufficient evidence of negligence of any DOC employee.
 * * * * * * * * * * *
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee *Page 3 
acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of April, 2009.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: *Page 4 
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER *Page 1