***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Special Deputy Commissioner Taylor and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Special Deputy Commissioner Taylor, with minor modifications and enters the following Decision and Order.
 ***********
This matter came on for hearing before the Special Deputy Commissioner upon Defendant's Motion to Dismiss on the ground that Plaintiff did not allege a negligent act on the *Page 2 
part of Defendant and therefore failed to state a claim upon which relief can be granted under the Tort Claims Act. Defendant contends that Plaintiff's claim relates to Defendant's disciplinary procedures and his subsequent punishment pursuant to Defendant's disciplinary procedures which would not constitute a negligence claim as the allegations, even if taken as true, would be based on intentional acts and constitutional violations over which the Industrial Commission would not have jurisdiction. Defendant further argues that Plaintiff's claim is barred by Defendant's quasi-judicial immunity.
Plaintiff alleged in his Tort Claims Affidavit that Defendant was negligent in failing to follow its own disciplinary procedures and as a result Plaintiff spent 6 more months in solitary confinement than he should have. At the hearing Plaintiff argued that his rights were violated when the officer who witnessed the offense also served as an investigating officer in violation of established disciplinary procedures. Plaintiff's allegations appear to relate to an alleged violation of his due process rights as a result of the manner in which Defendant conducted its disciplinary process, which would not be a negligence claim.
The Full Commission finds that plaintiff failed to state a claim for which relief can be granted and that his claim should be dismissed.
 ***********
Based upon the foregoing findings, the Full Commission concludes as follows:
The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A Plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. *Page 3 Dept. of Transp., 41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979). Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State Univ., 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
Plaintiff has failed to allege negligence on the part of any named officer, employee, involuntary servant, or agent of the Defendant while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused Plaintiff an injury. N.C. Gen. Stat. § 143-291. Therefore, Plaintiff failed to state a claim for which relief can be granted as the Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. University, 5 N.C. App. 1, 168 S.E.2d 24
(1969).
It is therefore ORDERED that Plaintiff's claim must be, and hereby is, DISMISSED and that no costs are taxed as plaintiff was permitted to file this claim in forma pauperis.
This the __ day of April, 2009.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER
S/_____________ STACI T. MEYER COMMISSIONER
 *Page 1