***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff Daniel Trogdon, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on October 30, *Page 2 
2009 by filing a Tort Claims Affidavit alleging that employees of Defendant at Craven Correctional Institution were negligent in refusing to provide him with toilet paper.
2. Toilet paper is distributed to the inmates at Craven Correctional on Tuesdays and Fridays.
3. On Friday, January 24, 2009, Plaintiff did not receive his roll of toilet paper because he was on work assignment at the time it was distributed.
4. Upon his return to the facility, Plaintiff informed Sergeant Felicia Jackson that he was out of toilet paper and had an urgent need to defecate. Plaintiff did not tell Sergeant Jackson that the reason he did not get his toilet paper earlier was because he was on work assignment.
5. In accordance with prison policy, Sergeant Jackson refused to provide Plaintiff with toilet paper because she did not know that he was on work assignment when it was distributed earlier. Plaintiff therefore had to use his hand to wipe himself after defecating. He then asked to shower and was permitted to do so.
6. Plaintiff is seeking $100,000 in damages.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must also show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment.See N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. Northwestern Distrib.,Inc. v. N.C. Dept. Of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. RexHospital, 326 N.C. 701, 392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove his case by a preponderance of the evidence.
4. Claims based on intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291.
5. In the instant case, Plaintiff failed to show that Sergeant Jackson's refusal to provide him with toilet paper proximately caused his alleged injury. It was Plaintiff who failed to follow proper procedures for procuring toilet paper. He failed to inform Sergeant Jackson that he was on work assignment during the distribution of toilet paper. As a direct and proximate result of his failure to follow procedure, Plaintiff did not receive toilet paper.
6. Alternatively, Plaintiff's allegations in the Affidavit and at the hearing regarding Sergeant Jackson's refusal to provide him with toilet paper amount to an allegation of an intentional act and/or omission on the part of Defendant's employee.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE. *Page 4 
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
3. Each party shall pay its own costs.
This the ___ day of September 2011.
 S/___________________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/_____________ LINDA CHEATHAM COMMISSIONER
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER *Page 1