***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Decision and Order of the Deputy Commissioner, with minor modifications.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, an inmate within the control and custody of the North Carolina Department of Correction (hereinafter "NCDOC"), claims that on June 8, 2008, he fell out of a wheelchair at Lanesboro Correctional Institution. Plaintiff alleges that he fell out of the *Page 2 
wheelchair because Officers Coltrane and Hildreth failed to secure the locks on the wheelchair. Plaintiff further alleges that as a result of falling out of the wheelchair, that Plaintiff has sustained injures to his back and neck.
2. On June 8, 2008, Correctional Officers Coltrane and Hildreth reported to Plaintiff's cell to escort him by wheelchair to the medical department after he declared a medical emergency. Plaintiff testified at the hearing that, while the Officers assisted Plaintiff into the wheelchair, the wheelchair slipped out from under him and that the foot part of the wheelchair hit his back and the seat part snapped his neck. Plaintiff further testified that the two (2) officers did not have the brakes secured on the wheelchair.
3. Officer Coltrane testified at the hearing that prior to assisting Plaintiff into the wheelchair the first time, he secured the locks on both wheels.
4. Following the alleged incident, Plaintiff was taken to the prison's medical department. Officer Hildreth testified at the hearing that although the Plaintiff alleges that he injured his back and neck, Plaintiff refused medical treatment.
5. Inmate Edward Russell testified at the hearing that the officers did not lock the wheels to Plaintiff's wheelchair.
6. The Full Commission gives greater weight to the testimony of Officer Coltrane and finds his testimony credible.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. Northwestern Distrib.,Inc. v. N.C. Dept. Of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Under the law, Plaintiff's claim must be, and hereby is, DENIED.
2. No costs are assessed at this time.
This the __ day of March 2011. *Page 4 
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1